BLD-051                                                   **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 13-3648
_____

NAQUAN BARNES,
                                    Appellant

v.

SUPERINTENDENT DEBRA SAUERS
_____

On Appeal from the United States District Court
for the Western District of Pennsylvania
(D.C. Civil No. 12-cv-00231)
District Judge:  Honorable Sean J. McLaughlin
_____

Submitted for Possible Dismissal Pursuant to 28 U.S.C. § 1915(e)(2)(B)
or Summary Action Pursuant to Third Circuit LAR 27.4 and I.O.P. 10.6
November 21, 2013

Before:  AMBRO, CHAGARES and VANASKIE, Circuit Judges

(Opinion filed December 9, 2013)
_____

OPINION
_____

PER CURIAM

       Naquan Barnes appeals the District Court's order granting Appellee's motion to

dismiss his complaint.  For the reasons below, we will summarily affirm the District

Court's order.

Barnes filed a complaint against Superintendent Sauers in which he alleged that she failed to protect him from an assault by another prisoner and failed to prevent unwarranted disciplinary action taken against him. Barnes stated that he was struck by another inmate who then cut him with a weapon resulting in a four- to five-inch cut on his neck. Barnes fought back and was charged with Fighting and Disobeying a Direct Order. He was found guilty and sanctioned to seventy days in the Restricted Housing Unit (RHU). After unsuccessfully appealing the Hearing Examiner's decision to the Program Review Committee, he appealed to Sauers who upheld the decision. Her decision was then upheld by the Chief Hearing Examiner.

Appellee Sauers filed a motion to dismiss the complaint for failure to state a claim. Barnes then filed an amended complaint and included affidavits from inmates who had witnessed the incident. Sauers filed a motion to dismiss the amended complaint. The District Court granted the motion to dismiss the original complaint. It concluded that Barnes had not sufficiently alleged a claim of failure to protect, failure to supervise, or failure to address the appeal of his disciplinary charge. The District Court dismissed the original complaint and dismissed Sauers's motion to dismiss the amended complaint as moot.

We have jurisdiction over the appeal pursuant to 28 U.S.C. § 1291, and exercise plenary review over the District Court's order granting Sauers's motion to dismiss. Gallo v. City of Philadelphia, 161 F.3d 217, 221 (3d Cir. 1998). In order to state a claim, a plaintiff must make sufficient factual allegations to allow a court to "draw the reasonable

inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). It is not enough for a plaintiff to offer only conclusory allegations or a simple recital of the elements of a claim. Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). To state a plausible claim for failure to protect, an inmate must allege facts that demonstrate that "(1) he was incarcerated under conditions posing a substantial risk of serious harm, (2) the official was deliberately indifferent to that substantial risk to his health and safety, and (3) the official's deliberate indifference caused him harm." Bistrian v. Levi, 696 F.3d 352, 367 (3d Cir. 2012). Not every injury inflicted by one inmate on another creates a constitutional liability for prison officials. Farmer v. Brennan, 511 U.S. 825, 834 (1994).

We agree with the District Court that Barnes has failed to state a claim. Besides alleging that other attacks on inmates have occurred in the past, he has made no factual allegations that would support a finding that Sauers failed to protect him. Barnes's conclusory allegations that Sauers acted unlawfully are insufficient. Twombly, 550 U.S. at 555. Appellee Sauer's agreement with the decision to place Barnes in the RHU for seventy days does not rise to the level of a denial of due process. See Sandin v. Conner, 515 U.S. 472, 484 (1995); Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997). As for his claim of failure to supervise, Barnes has not alleged whom Sauers failed to supervise.

3

While it is unfortunate that Barnes was attacked and injured, he has failed to state a claim against Appellee Sauers.[1]

---

[1] The District Court should have given Barnes the opportunity to amend his complaint. See **Error! Main Document Only.**<u>Grayson v. Mayview State Hospital</u>, 293 F.3d 103, 108 (3d Cir. 2002). However, Barnes was not prejudiced by this oversight because the amended complaint he filed in response to Appellee Sauers's first motion to dismiss also failed to state a claim.